IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MATTHEW LEE FLOWERS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:23-CV-00077-Z-BR |
| | § | |
| BOBBY LUMPKIN, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Matthew Lee Flowers filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF 3). Having considered the petition, the response and reply, the record and applicable authorities, the Court concludes that Flowers' habeas application should be DENIED for the reasons set forth below.

## I. FACTUAL BACKGROUND

On July 26, 2018, the State of Texas indicted Flowers in Lipscomb County District Court for continuous sexual abuse of a child younger than fourteen years of age. He was arrested on August 17, 2018, and ten days later, the trial court appointed him the first of five different counsel. The last of the five moved, in February 2021, for a speedy trial. By that time, Flowers had been incarcerated for almost 31 months, 18 of which preceded the implementation of COVID-19 pandemic protocols.

The state trial court granted Flowers' speedy-trial motion and set the matter for trial on April 5, 2021. Due to the trial court's schedule and renovations at the Lipscomb County courthouse, the trial date was reset several times. Flowers renewed his request for a speedy trial

on July 19, 2021. The trial court granted the second motion as well, and ultimately convened trial on November 8, 2021. Flowers was convicted by a jury of indecency with a child, a lesser-included offense of the original charge. The jury assessed a punishment of 20 years' confinement and a $10,000.00 fine. *State v. Flowers*, No. 1296 (31st Jud. Dist. Ct., Lipscomb Cty., Tex., Nov. 10, 2021), *aff'd*, No. 07-21-00276-CR, 2022 WL 2960142 (Tex. App.—Amarillo July 26, 2022). The Texas Court of Criminal Appeals refused Flowers' petition for discretionary review. *Flowers v. State*, PD-0512-22 (Tex. Crim. App. Nov. 9, 2022). On March 15, 2023, the Texas Court of Criminal Appeals denied state habeas relief, without issuing a written order. *Ex parte Flowers*, No. 94,561-01 Judgment (Action Taken Sheet).

Flowers timely filed this action on April 10, 2023, challenging his conviction on a variety of grounds, including: the effectiveness of both his trial and appellate counsel; the alleged speedy trial violation; the destruction of physical evidence unused at trial; the jury charge; and the trial judge's refusal to provide certain information to the jury during deliberations. Respondent argues that Flowers' claims either lack merit or are procedurally barred. (ECF 30). Flowers filed a Reply, seeking to rebut Respondent's arguments. (ECF 39).

## II. ALLEGATIONS FOR RELIEF

Flowers asserts the following grounds for relief:

1.  He was denied a speedy and public trial;

2.  The sheriff destroyed material biological evidence taken by the victim's sexual assault nurse examiner;

3.  The trial court was guilty of judicial misconduct by failing to properly charge the jury and by denying the jury's request for evidence during deliberations;

4.  He is actually innocent, and there is insufficient evidence to support his conviction;

5.  He was denied effective assistance of counsel at trial because of counsel's

failure to:

    a.    explore inconsistent statements in the victim's testimony;

    b.    suppress his involuntary statement;

    c.    object to an erroneous jury charge in the punishment phase that excluded the punishment of probation;

    d.    move for new trial;

    e.    seek special consideration for his disability;

    f.    object to the trial court's refusal to provide evidence requested by the jury; specifically, the protective order for the victim's mother against Flowers, and the victim's statement;

    g.    prepare for trial by providing a video of the victim's interview and transcripts to the jury;

    h.    call the victim's mother as a witness; and

    i.    object to lesser-included offenses contained in the jury charge.

6.    He was denied effective assistance of counsel on appeal because counsel:

    a.    did not challenge the sufficiency of the evidence, the erroneous jury charge, the ineffective assistance of trial counsel and the destruction of material biological evidence; and

    b.    did not communicate with him about the progress of the appeal until after filing the appellate brief.

## III. STANDARD OF REVIEW

Title 28 U.S.C. § 2254 authorizes a federal court to entertain a petition for a writ of habeas corpus by a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). However, under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, a federal court may not grant relief on any claim that was adjudicated on the merits in the state court proceeding unless the petitioner shows that the prior adjudication:

1.   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

2.   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d). A decision is considered contrary to clearly established federal law if the state reaches a conclusion opposite to a decision of the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor,* 529 U.S. 362, 412–13 (2000). An application of clearly established federal law is considered unreasonable if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts. *Id*.

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. When reviewing state proceedings, "federal courts do not sit as courts of appeal and error for state court convictions." *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986). Instead, a person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law unless a federal issue also is present. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). This standard is "difficult to meet," because it requires the state prisoner to show that the state court's ruling was so lacking in justification that there was an error well understood in existing law beyond any possibility for fair-minded disagreement. *Harrison v. Richter*, 562 U.S. 86, 102-03 (2011). The petitioner must show that there was no reasonable basis for the state court to deny relief. *Id*. at 98. The AEDPA standard is met only in cases in which there is no possibility that a fair-minded jurist could disagree that the state court's decision conflicts with Supreme Court precedent. *Id.* at 86.

Deference to the state court's ruling applies even when the state court decides an issue without fully explaining its reasoning. *See Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003); *accord Amos v. Thornton*, 646 F.3d 199, 205 (5th Cir. 2011) (per curiam) ("[D]eference due under § 2254(d)(1) is not diminished by the fact that the [state court] did not explain the reasons for its determination[.]"). This is because "a federal habeas court only reviews the reasonableness of the state court's ultimate decision," "not the written opinion explaining that decision." *Schaetzle*, 343 F.3d at 443 (*quoting Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam)). Thus, in reviewing a state court opinion, this Court focuses on "the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of the evidence." *Neal*, 286 F.3d at 246.

When applicable, the state court's findings of fact "are 'presumed to be correct' unless the habeas petitioner rebuts the presumption through 'clear and convincing evidence.'" *Nelson v. Quarterman*, 472 F.3d 287, 292 (5th Cir. 2006), quoting 28 U.S.C. § 2254(e)(1). This presumption extends not only to express findings of fact, but to the implicit findings as well. *See Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citations omitted). In determining whether the state court decision was unreasonable, this Court must be careful not to substitute its judgment for that of the state court. In other words, a determination that the state court reached the wrong result or that the state court decision was incorrect, is insufficient. Denial of relief by the state court based on a factual determination will not be overturned by a federal habeas court unless the state court's decision is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322 (2003).

## IV. LEGAL ANALYSIS

### A. Relitigation Bar.

At the outset, the Court recognizes that the state habeas court considered Flowers' claims

raised herein and denied relief. (ECF 21-19). "In Texas writ jurisprudence, usually a denial of relief rather than a 'dismissal' of the claim by the Court of Criminal Appeals disposes of the merits of a claim." *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Henderson v. Cockrell*, 333 F.3d 592, 598 (5th Cir. 2003); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding that a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits). Therefore, because Flowers brought these claims in his state habeas petition, he is barred from relitigating his claims in this proceeding unless he meets the exceptions set forth in §§ 2254(d)(1) and (2). *Richter*, 562 U.S. at 98.[1]

To overcome the relitigation bar, Flowers must show "that the state court's ruling … was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Woodall*, 572 U.S. 415, 419 (2014), *quoting Richter*, 562 U.S. at 103); *see also Thomas v. Vannoy*, 898 F.3d 561, 566 (5th Cir. 2018) (reaffirming the "relitigation bar"). Flowers does not meet this high burden. Instead, he merely restates the grounds he previously raised in his state habeas application and presents no arguments or legal authority in support of his federal challenge to the Texas Court of Criminal Appeals' decision to deny his claims. Because Flowers has failed to show that the state court erred in denying his claims, he cannot surmount the relitigation bar of § 2254(d). In addition, as shown below, Flowers' claims fail on the merits as well.

**B.    Speedy Trial Violation.**

Flowers alleges that he was denied a speedy trial due to the 40 months he was incarcerated

---

[1]Respondent alleges that three of Flowers' claims are unexhausted: (1) ineffective assistance of trial counsel for failure to seek special consideration for his disability (ECF 4 at 4-5); (2) ineffective assistance of trial counsel for failing to provide the victim interview video and transcripts to the jury (ECF 30 at 2); and (3) ineffective assistance of appellate counsel for failure to communicate with him until after filing his appellate brief. (ECF 30 at 2). Flowers disagrees, stating that they were brought up in his state habeas petition, but just "worded differently." (ECF 39 at 1). The Court agrees with Flowers; he brought these claims in his state habeas petition, so they are not unexhausted. (ECF 21-18 at 11, 13).

before his trial began. (ECF 3 at 10; ECF 4 at 9-10). The Sixth Amendment to the U.S. Constitution guarantees an accused in a criminal prosecution the right to a speedy trial. *See* U.S. CONST. AMEND. VI. In habeas review of a state prisoner's speedy trial claim, federal courts must "give the widest of latitude to a state court's conduct of its speedy-trial analysis." *Russell v. Denmark*, 68 F.4th 252, 262 (5th Cir. 2023), *quoting Barker v. Wingo*, 407 U.S. 514 (1972). In applying that latitude, the AEDPA limits habeas review to a determination solely of whether a state court's adjudication resulted in a decision that warrants relief under the AEDPA's standard. 28 U.S.C. § 2254(d).

In evaluating a speedy-trial claim, courts look to the four factors delineated in *Barker*: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right to speedy trial; and (4) prejudice to the defendant. *Russell*, 68 F.4th at 262 (citing *Barker*, 407 U.S. at 529– 34). In reviewing a state court's application of the *Barker* factors, the "always-substantial deference" afforded to state courts in federal habeas review "is at an apex" because the factors are "a broad, general standard whose application to a specific case can demand a substantial element of judgment." *Amos*, 646 F.3d at 205 (internal quotation omitted). A reviewing federal court's disagreement with the state court's weighing of individual *Barker* factors is not itself grounds for reversal. *Goodrum v. Quarterman*, 547 F.3d 249, 265–66 (5th Cir. 2008). Rather, under the AEDPA, this Court may disagree with "some of the state court's preliminary conclusions" but nonetheless must deny relief if the state court's ultimate decision is objectively reasonable and not contrary to law. *Id*.

In reviewing the state court's determination under the AEDPA, "we review the last reasoned state court decision." *Woodfox v. Cain*, 772 F.3d 358, 369 (5th Cir. 2014) (internal quotation omitted). "Using the 'look through' doctrine, we ignore—and hence, look through—an unexplained state court denial and evaluate the last reasoned state court decision." *Id*. (internal quotation omitted). In this case, the Court will "look through" the unexplained denials of Flowers'

Petition for Discretionary Review (ECF 21-17) and his state habeas claim (ECF 21-18) and instead look to the Seventh District Court of Appeals' reasoned determination of the *Barker* factors in Flowers' direct appeal. *See Flowers v. State*, No. 07-21-00276-CR, 2022 WL 2960142 (Tex. App.—Amarillo July 26, 2022). (ECF 21-13).

### 1. **Length of Delay.**

For the purposes of calculating delay, a defendant's speedy-trial right "attaches at the time of arrest or indictment, whichever comes first." *Amos*, 646 F.3d at 206. Flowers was indicted on July 26, 2018. His trial ultimately began on November 8, 2021. (ECF 21-13 at 2). The state court found that the approximately 40-month delay in Flowers' case warranted consideration of the remaining *Barker* factors. (ECF 21-13 at 4). *See Goodrum*, 547 F.3d at 257 (viewing a delay of one year or more as presumptively prejudicial); *Amos*, 646 F.3d at 206-07 (a delay of more than 30 months weighs heavily against the state).

### 2. **Remaining *Barker* Factors.**

The state court then evaluated the remaining *Barker* factors to determine that Flowers' speedy-trial right was not violated. (ECF 21-13 at 4-6). The state court noted that Flowers had five different attorneys represent him, but only the last one moved for a speedy trial. (*Id*. at 4). The speedy trial request was made in February 2021, approximately 31 months, or 2.5 years, after his initial incarceration in August 2019. (*Id*. at 2, 4). The trial court granted the motion. (*Id*.).

The state court noted the long, unexplained delay between Flowers' indictment and his first assertion of his right to a speedy trial. (ECF 21-13 at 4). A defendant's assertion of his speedy trial right receives "strong evidentiary weight," while "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Amos*, 646 F.2d at 207. Further, this factor "can also cut against the defendant where there was a lengthy delay between his arrest or indictment and his assertion of his speedy-trial right." *Id*. The state court further noted, that, when

the assertion came, it was in the midst of the COVID-19 pandemic and declaration of disaster, along with numerous emergency orders from the Texas Supreme Court impeding the trial court's ability to conduct trials. Even after trials resumed, however, another obstacle arose in that the local courthouse was being renovated, which temporarily prevented trials from being held there. The trial court offered to hold Flowers' trial in a neighboring county within the trial court's district. Flowers refused, despite his assertion of his speedy-trial rights. (ECF 21-13 at 5).

The state court acknowledged that "[b]eing denied one's liberty for [more than three years] cannot be ignored." (*Id*.). However, it noted no evidence showing a prejudicial effect of the prolonged pretrial incarceration on Flowers, and no evidence that it impeded his ability to present a defense. In fact, Flowers was not convicted of the charge initially levied against him; instead, he was convicted of a lesser-included charge, thereby indicating to the state court that Flowers' ability to present a defense was not compromised. (*Id*. at 5-6).

Flowers has not established that the state court's ruling was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement. *See, e.g., Goodrum*, 547 F.3d at 257–61 (finding that state court's ruling was not objectively unreasonable when, although two of the first three *Barker* factors weighed heavily in favor of defendant, and prejudice prong was not satisfied). In evaluating the state court's reasoned decision, this Court cannot hold that the state court's decision was objectively unreasonable or inconsistent with federal law, despite the 40-month interval between arrest and trial. *See Russell*, 68 F.3d at 265; *Richter*, 562 U.S. at 102. Therefore, Flowers' speedy-trial claim should be dismissed with prejudice.

## B.    Denial of Public Trial.

The Sixth Amendment provides that, in all criminal prosecutions, "the accused shall enjoy the right to a....public trial." U.S. CONST. AMEND. VI. The right to a public trial exists to ensure

the fairness of the proceedings and to encourage witnesses to come forward with information. *See United States v. Osborne*, 68 F.3d 94, 98 (5th Cir. 1995). Flowers alleges that the sheriff's office "refused to allow the public in to witness the proceedings" and that the presence of the public would have ensured that his rights were upheld. (ECF 4 at 10).

Flowers provides no support for his allegation; there is no indication in the record that the trial court closed all or part of the hearing, nor does Flowers identify anyone who was excluded from the courtroom. Further, there is no evidence that Flowers objected at trial to a closed courtroom. *See United States v. Hitt*, 473 F.3d 146, 155 (5th Cir. 2006) ("Where a defendant, with knowledge of the closure of the courtroom, fails to object, that defendant waives his right to a public trial."). He also does not show how his constitutional rights were prejudiced by the alleged closure of the courtroom. The claim that Flowers' right to a public trial was violated is without merit and should be dismissed with prejudice.

## C.    Destruction of Biological Evidence.

Flowers alleges that he was denied due process because Sheriff Kenny Eggleston destroyed biological evidence taken from the victim by a Sexual Assault Nurse Examiner. (ECF 3 at 5, 8; ECF 4 at 8-9). The parties stipulated at trial that the biological evidence was never tested (ECF 21-8 at 202) and, thus, the biological evidence was not introduced at trial. (ECF 21-8, 21-9).

The U.S. Supreme Court has held that the state violates a defendant's right to due process if: (1) it destroys evidence whose exculpatory significance is "apparent" before destruction; and (2) the defendant remains unable to "obtain comparable evidence by other reasonably available means." *California v. Trombetta,* 467 U.S. 479, 489 (1984). If the exculpatory value of the evidence is undetermined but may be "potentially useful" to the defense, a defendant must show that the government acted with bad faith in destroying the evidence. *Arizona v. Youngblood*, 488 U.S. 51, 58 (1994). Thus, the failure to preserve potentially useful evidence "does not violate due

process 'unless a criminal defendant can show bad faith on the part of the police.'" *Illinois v. Fisher*, 540 U.S. 544, 547–48 (2004) (per curiam).

Because the biological evidence in this case was never tested or used, such evidence was, at best, "potentially useful" rather than "apparently significant" under *Youngblood*; therefore, to obtain relief, Flowers must show that Eggleston acted with bad faith in destroying the evidence. Flowers presented no such evidence, either to the state court or this Court; therefore, he has failed to meet his burden to show that his due process rights were violated. This claim is without merit and should be dismissed with prejudice.

**D.    Judicial Misconduct.**

Flowers alleges judicial misconduct due to the trial court's failure to include probation as a punishment option in the jury charge, and due to the trial court's refusal to provide items requested by the jury during deliberation. (ECF 4 at 10, 11).

**1.    Improper Jury Charge.**

Flowers alleges that the trial court erred when it failed to include probation as a punishment option in the jury charge at the punishment phase. (ECF 4 at 10). The fact that a jury instruction allegedly was incorrect under state law is not a basis for habeas relief. The only question for the Court is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle*, 502 U.S. at 72, quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973); *see also Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974) ("[I]t must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some [constitutional right].").

Flowers has not shown that the failure to include a probation recommendation as an option in the jury charge violated his constitutional rights simply because he failed to show he was entitled to have the jury consider probation at all. Under TEX. CODE OF CRIM. PROC. § 42A.055(b), a

defendant is eligible for community supervision (*i.e.*, probation) if he files with the trial court a sworn motion that he has no previous felony convictions. There is no evidence in the record that Flowers filed such a sworn statement. Further, community supervision is not available if a defendant is found guilty of indecency with a child younger than age 14 when the violation occurred. *See* § 42A.056(4). Because Flowers was found guilty of indecency with a child, and because the victim was younger than 14 when the violation occurred, Flowers was ineligible for probation. Further, there is no fundamental right to probation. *See Flores v. State*, 904 S.W.2d 129, 130 (Tex. Crim. App. 1995) (plurality opinion) ("there is no fundamental right to receive probation; it is within the discretion of the trial court to determine whether an individual defendant is entitled to probation"), *cert. denied*, 516 U.S. 1050 (1996). Flowers does not show that a failure to include probation in the jury charge constitutes fundamental error that is objectively unreasonable or contrary to federal law.

### 2.    Failing to Provide Information to the Jury During Deliberations.

Flowers next alleges that the trial court erred when it did not provide to the jury, despite its request, (1) the protective order that the victim's mother had obtained against Flowers, and (2) a copy of the victim's testimony. (ECF 4 at 11). He claims that these failures "improperly influenc[ed] the jury by withholding necessary information." (*Id.*). However, he does not show how such alleged failures violated his federal constitutional rights.

Regarding the protective order, there is no indication in the record that the protective order was entered into evidence; instead, a witness merely testified that he had read the protective order (*see, e.g.*, ECF 21-8 at 33), and Flowers' counsel mentioned it at closing. (ECF 21-9 at 30, 43). The trial court did not err in refusing to provide to the jury a document that was not entered into evidence.

Regarding the victim's testimony, the trial court followed Texas law in attempting to

determine whether to provide the testimony to the jury. Under art. 36.28 of the Texas Code of Criminal Procedure, "if the jury disagree as to the statement of any witness they may, upon applying to the court, have read to them from the court reporter's notes that part of such witness testimony or the particular point in dispute, and no other…." (*Id.*) The record shows that the trial court responded to the jury request with the following, with no objection from Flowers' counsel:

> [I]f the jury disagrees as to the statement of any witness, they may, upon applying to the Court, have read to them from the court reporter's notes that part of such witness's testimony on the point in dispute and no other.

(ECF 21-9 at 67). There is no indication in the record that the jury then notified the trial court of a dispute that required further action by the court. "The manner in which the trial court determines whether there is a factual dispute between the jurors is left to his sound discretion." *Robison v. State*, 888 S.W.2d 473, 480 (Tex. Crim. App.  1994). There is no indication in the record that the process followed by the trial court and as forth in art. 36.28 violated Flowers' federal constitutional rights.

## E.    Actual Innocence and Sufficiency of the Evidence.

Flowers next argues that he is actually innocent, and, therefore, the evidence was insufficient to support his conviction. He claims that he was convicted solely on the basis of the victim's testimony, which he asserts was not credible. (ECF 4 at 8).

### 1.    Actual Innocence.

The Fifth Circuit does not recognize freestanding claims of actual innocence on federal habeas review. *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009); *see also Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003) (collecting cases). To the extent federal courts have recognized actual innocence for federal prisoners, "[a]ctual innocence means 'factual innocence and not mere legal insufficiency.'" *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). "To establish actual innocence, [the] petitioner must

demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). As the U.S. Supreme Court explained,

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.

*Schlup*, 513 U.S. at 324 (internal citation omitted). Flowers has failed to offer "new reliable evidence … that was not presented at trial" to support his claim that he is actually innocent. Because Flowers presents no new or exculpatory evidence, he does not show actual innocence under *Schlup* and his claim of actual innocence should be dismissed with prejudice. *See also Lucas v. Johnson*, 132 F.3d 1069, 1075-76 (5th Cir. 1998) (Claim of actual innocence "fails to state a claim in federal habeas corpus … [petitioner's] road to relief on his actual innocence claim lies, if anywhere, in Texas state procedures.").

## 2.    Insufficiency of the Evidence.

Flowers next challenges the sufficiency of the evidence upon which his conviction is based. (ECF 4 at 8).

### a.    Procedural Default.

Flowers presented his insufficiency of the evidence claim in his state application for habeas corpus relief, but not on direct appeal. (ECF 21-18, 21-12). The Texas Court of Criminal Appeals has long held that the sufficiency of the evidence may only be raised on direct appeal and may not be raised in a state habeas proceeding. *West*, 92 F.3d at 1389 n. 18; *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994). Indeed, when a state habeas applicant challenges the sufficiency of the evidence in a state habeas application and the Texas Court of Criminal Appeals denies the application without a written order, the applicant's sufficiency claim is considered to have been

denied because it was not cognizable. *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004). Thus, this procedural default in the state courts ordinarily would bar this Court from addressing the merits of Flowers' sufficiency of the evidence claim. *Ylst v. Nunnemaker*, 501 U.S. 797, 801–07 (1991). However, because Flowers' claim is relevant to his allegation of ineffective assistance of counsel (addressed below), the Court will address the merits of this claim.

### b.     Flowers' claim fails on the merits.

A conviction based on insufficient evidence cannot stand, as it violates Due Process. *See* U.S. CONST. AMEND. XIV. The standard of review for the sufficiency of the evidence to uphold a conviction is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The Supreme Court has emphasized "that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference." *Coleman v. Johnson*, 566 U.S. 650 (2012) (per curiam). A federal habeas court questions whether the state court's assessment of the *Jackson* standard was unreasonable. *See* 28 U.S.C. § 2254(d)(1). Together, *Jackson* and the AEDPA create a "double dose of deference that can rarely be surmounted." *Smith v. Lumpkin*, No. 4:23-cv-1321; 2023 WL 8627543 (S.D. Tex. Oct. 30, 2023) (quoting *Boyer v. Belleque*, 659 F.3d 957, 964 (9th Cir. 2011)). This standard is applied with "explicit reference to the substantive elements of the criminal offense as defined by state law." *Dupuy v. Cain*, 201 F.3d 582, 589 (5th Cir. 2000) (quoting *Jackson*, 443 U.S. at 324 n.16).

Flowers was convicted of indecency with a child, a lesser-included offense of the original charge of continuous sexual abuse of a child younger than fourteen years of age. (*See* ECF 21-9 at 68-69). Under Texas law, a defendant commits the offense of indecency with a child by (1) either engaging in sexual contact with a child or causing a child to engage in sexual contact and (2) that

the child is younger than 17 years of age. *See* TEX. PENAL CODE § 21.11(a)(1); *Speights v. State*, 464 S.W.3d 719, 722–23 (Tex. Crim. App. 2015); *Kuhn v. State*, 393 S.W.3d 519, 531–32 (Tex. App.--Austin 2013, pet. ref'd). For purposes of the statute, "sexual contact" may occur if the person, acting with the intent to arouse or gratify the person's sexual desire, (1) touches a child's breast, anus, or any part of the child's genitals or (2) touches any part of a child with the person's breast, anus, or genitals. *Nguyen v. State of Texas*, 2024 WL 1451977 *4 (Tex. App.—Fort Worth April 4, 2024), citing TEX. PENAL CODE ANN. § 21.11(c).

The victim testified that she was thirteen years old when Flowers last put his penis in her vagina. (ECF 21-8 at 140). She testified that it had happened other times as well. (*Id*. at 145-48). This act constitutes indecency with a child by contact. *See* TEX. PENAL CODE § 21.11(c)(1); *see also Nguyen*, 2024 WL at *4. The uncorroborated testimony of a child victim is alone sufficient to support a conviction for indecency with a child. TEX. CODE CRIM. PROC. ART. 38.07(a); *Gonzalez v. State*, 522 S.W.3d 48, 57 (Tex. App.—Houston [1st Dist.] 2017, no pet.). The State has no burden to produce any corroborating or physical evidence. *Martines v. State*, 371 S.W.3d 232, 240 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *see also Lee v. State*, 176 S.W.3d 452, 458 (Tex. App.—Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006) ("The lack of physical or forensic evidence is a factor for the jury to consider in weighing the evidence.").

Under Texas law, the victim's testimony also is sufficient to establish the requisite intent; that is, the jury could have reasonably inferred Flowers' specific intent to arouse or gratify his sexual desire based solely on the victim's testimony. *Jimenez v. State,* 2024 WL 950189 *2 (Tex. App.—San Antonio March 6, 2024), citing *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981). The jury is the sole judge of the victim's credibility, and the jury is entitled to believe or disbelieve her testimony. *Jones v. State*, 984 S.W.2d 254, 258 (Tex. Crim. App. 1998) (en banc). If the jury believed the victim's testimony, "it could have rationally inferred [the defendant's]

specific intent to arouse or gratify his sexual desire." *Jimenez*, 2024 WL at *2.

Flowers claims that, because the jury did not find him guilty of the initial charge, the victim's testimony must have not been credible; therefore, if the victim's testimony is not credible, there is insufficient evidence to find him guilty of the lesser-included charge. (ECF 4 at 8). As previously stated, however, credibility determinations are the province of the jury, and a federal habeas court generally will not grant relief on a sufficiency claim grounded on matters of credibility. *See Schlup*, 513 U.S. at 330 ("[U]nder *Jackson*, the assessment of the credibility of witnesses is generally beyond the scope of review."); *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005) ("All credibility choices and conflicting inferences are to be resolved in favor of the verdict."); *McCowin v. Scott*, No. 93–5340, 1994 WL 242581, at *2 (5th Cir. May 26, 1994) (A "challenge of the jury's credibility choice fails to satisfy the *Jackson* standard for habeas relief.").

As sole judge of the weight and credibility of the evidence, the jury was free to believe or disbelieve any portion of the witnesses' testimony. On habeas review, a federal court "may not substitute its own judgment regarding the credibility of witnesses for that of the state courts." *Marler v. Blackburn*, 777 F.2d 1007, 1012 (5th Cir.1985). This Court must give due deference to "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. Viewing the evidence in the light most favorable to the verdict, the Court concludes that a rational jury could have found, beyond a reasonable doubt, that Flowers committed the crime of indecency with a child. The state court's determination was not an unreasonable application of clearly established federal law as determined by the Supreme Court, and this claim should be denied.

## F.    Ineffective Assistance of Trial Counsel.

Flowers argues that his trial counsel was ineffective on the grounds addressed below. The

Court reviews claims of ineffective assistance of counsel under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (quoted cases omitted). In light of the deference accorded by § 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. 86, 101. As the Supreme Court clarified in *Richter*:

> This is different from asking whether defense counsel's performance fell below *Strickland*'s standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law. … A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

*Id.* (internal quotation marks and citation omitted).

To establish ineffective assistance of counsel at trial, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. 668, 687. The Court need not address both components if the petitioner makes an insufficient showing on one. *Id*. at 697. To establish deficient performance, a petitioner must show that his attorney's actions "fell below an objective standard of reasonableness." *Id*. at 689. In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," or that, under the circumstances, the challenged action might be considered sound trial strategy. *Id*. at 689. Under *Strickland*'s prejudice prong, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

### 1. Previously resolved issues.

As discussed above, the following allegations made by Flowers do not constitute errors

supporting federal habeas relief: (1) counsel's failure object to the jury charge that excluded the option to recommend probation; and (2) counsel's failure to object to the trial court's refusal to provide evidence requested by the jury; specifically, the protective order obtained by the victim's mother against Flowers, and the victim's testimony. Counsel was not ineffective in failing to lodge these meritless objections. Trial counsel "is not required to make futile motions or objections." *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). The "failure to raise meritless objections is not ineffective lawyering; it is the very opposite." *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). As shown above, these claims are without merit.

### 2.  Failure to Explore Inconsistent Statements.

Flowers alleges that his trial counsel was ineffective by failing to explore inconsistent statements made by the victim during her testimony. (ECF 4 at 1). This claim is rebutted by the record, which shows that counsel did, in fact, point out the inconsistencies in the victim's statements and testimony. (ECF 21-8 at 152-67, 188-91, 174-75). Flowers fails to provide evidence to rebut the presumption that trial counsel's strategic decisions regarding her efforts to impeach the witness "fall[] within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. 689; *see also Wilkerson v. Collins*, 950 F.2d 1054, 1064 (5th Cir. 1992) (reviewing court must be highly deferential to the trial attorney's conduct and presume that the assistance was reasonably effective). Flowers also fails to show that he was prejudiced by counsel's conduct, especially considering that she did, in fact, point out inconsistencies and the jury was able to consider such inconsistencies during deliberations.

### 3.  Failure to Move for a New Trial.

Flowers alleges that his trial counsel failed to move for new trial. (ECF 3 at 5, ECF 4 at 3-4). However, the record shows that trial counsel filed a motion for new trial, claiming that the verdict "is contrary to the law and evidence." (ECF 31-2 at 24). This claim is without merit.

4.    **Failure to suppress Flowers' involuntary statement.**

Flowers next alleges that his trial counsel was ineffective because she failed to object to the admission of Flowers' statement to police, which he claims was involuntary. (ECF 4 at 1-2). Whether the failure to seek suppression of a confession amounts to prejudice under *Strickland* "depends on whether either a suppression motion or an objection would have been granted or sustained had it been made." *United States v. Oakley*, 827 F.2d 1023, 1025 (5th Cir. 1987). *cf. United States v. Matos*, 905 F.2d 30, 32 (2d Cir. 1990) ("In order to show ineffective assistance for the failure to make a suppression motion, the underlying motion must be shown to be meritorious, and there must be a reasonable probability that the verdict would have been different if the evidence had been suppressed.") (citing *Kimmelman v. Morrison*, 447 U.S. 365, 375 (1986)).

The Fifth Amendment, as applied to the states, prohibits the admission of involuntary statements. *Murray v. Earle*, 405 F.3d 278, 288 (5th Cir. 2005). While Flowers argues his statement was involuntary, there is simply no evidence, beyond Flowers' self-serving statements, that his statement was coerced. The interviewing officer testified unambiguously that Flowers called the police twice offering to confess. Although the police did not question him, he voluntarily stated that he had "fucked up" and "I sexually assaulted my daughter.". (ECF 21-8 at 72-3, 79-81, 87, 91-4). In the absence of any evidence to the contrary, Flowers cannot show that he would have succeeded in suppressing his statement had counsel attempted to do so. *See United States v. Thompson*, No. 11-70, 2015 WL 4139292, at *8–9 (E.D. La. July 8, 2015) (no prejudice from failure to move to suppress based on involuntary statement when officers testified as to voluntariness and petitioner offered only "post-hoc assertion[s]" to the contrary). Thus, the failure of trial counsel to attempt to exclude Flowers' confessions did not render her assistance ineffective in a *Strickland* sense because the confession would have been admitted over trial counsel's

objection.[2]

### 5.     Failure to seek special consideration for Flowers' disability.

Flowers claims that he is hearing impaired, and that trial counsel was ineffective in failing to seek special consideration for his disability, which would have allowed him to testify in his own defense. (ECF 4 at 4). He claims that counsel "took advantage of Petitioner's disability and comfortability, this act deprived Petitioner [of] due process and a fair trial." (*Id.* at 5). He cites TEX. CODE OF CRIM. PROC. ART. 38.31 in support of his claim, which requires that, if the court is notified that the defendant is deaf, the court shall appoint a qualified interpreter. The statute defines a deaf person as a person who "has a hearing impairment … that inhibits the person's comprehension of the proceedings or communication with others." (*See id*. at (g)(1)).

Flowers provides no evidence indicating that he notified the trial court of his hearing impairment or that he wished to testify. Further, there is no indication in the record that Flowers' failure to testify can be blamed on any failure to accommodate his purported disability. In fact, the record indicates that Flowers was well able to hear the judge and respond to questions. (*See, e.g.*, ECF 21-4 at 8-9, 21-10 at 10). "In the absence of evidence in the state court record of the defendant's wish to testify, we think it appropriate for the habeas court to presume that the defendant acquiesced in his counsel's advice or otherwise made a voluntary choice not to testify." *Hunt v. East*, 1995 WL 1945469 *1 (N.D. Miss. Sept. 18, 1995) (quotation omitted). The only restriction on the presumption raised by silence is that the presumption is not irrebuttable. Flowers, however, has failed to rebut that presumption. Nothing in the trial record indicates that Flowers voiced any objection when he did not testify.

---

[2]In addition, as stated *supra*, a conviction for indecency with a child can be supported solely by the testimony of the victim; therefore, even if Flowers' counsel had objected and the confession had been suppressed, the jury had sufficient evidence before it to support a conviction. *See* TEX. R. CRIM. PROC. 38.07(a).

On federal habeas review, "the decision whether to put a Defendant on the stand is a 'judgment call' which should not easily be condemned with the benefit of hindsight." *United States v. Garcia*, 762 F.2d 1222, 1226 (5th Cir. 1985) (citing *Hollenbeck v. Estelle*, 672 F.2d 451, 454 (5th Cir. 1982)). However, a defendant's right to testify on his own behalf "may not be waived by counsel as a matter of trial strategy." *United States v. Mullins*, 315 F.3d 449, 454 (5th Cir. 2002). When the record shows that the defendant knew of his right to testify and wanted to testify, but simply acquiesced to his attorney's advice, the "only inquiry is whether that advice was sound trial strategy." *Id.* at 453-54.

In Flowers' case, if he were to testify, he would have been exposed to cross-examination regarding his guilt and character, including his prior criminal history. In addition, Flowers does not indicate any specific proposed testimony he might have provided to benefit his defense. Under these circumstances, it was reasonable for defense counsel to have determined that the prejudice posed by potential cross-examination outweighed any benefit that Flowers' testimony might have provided to his defense. Flowers has not demonstrated that any alleged advice by counsel to not testify was unreasonable or that the outcome of the trial would have been different but for his counsel's decision to rest the defense without his testimony.

In short, Flowers has not demonstrated a deficiency or prejudice resulting from counsel's alleged advice not to testify. The state court's denial of relief on this issue was not contrary to or an unreasonable application of *Strickland*. Flowers is not entitled to relief on this claim.

6.    **Failure to Call a Witness.**

Flowers alleges that trial counsel was ineffective for failing to call the victim's mother as a witness. Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what the witness would have testified are largely speculative. *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002) (citing *Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th

Cir. 2001)). A petitioner seeking to show ineffective assistance of counsel for failure to call witnesses must "name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009) (citation omitted). The proposed testimony must be set out by affidavit or otherwise and conclusory speculation is insufficient. *Sayre*, 238 F.3d at 635-36.

Flowers alleges that counsel should have called the victim's mother as a witness; however, he fails to demonstrate her availability to testify, fails to set out her proposed testimony, fails to provide an affidavit of such testimony, and fails to show that her testimony would have been favorable to his defense. His "conclusory speculation" is insufficient and this claim should be dismissed with prejudice.

**7.      Failure to object to a lesser-included offense in the jury charge.**

Flowers next claims that trial counsel was ineffective by failing to object to lesser-included offenses in the jury charge. He was charged with continuous sexual abuse of a minor, but was convicted of the lesser-included charge of indecency with a minor. (ECF 31-1 at 48-50). The offenses of aggravated sexual assault of a child and indecency with a child are lesser included offenses of the offense of continuous sexual abuse. *Brown v. State*, 381 S.W.3d 565, 582 83 (Tex. App.--Eastland 2012, no pet.). The lesser-included charges submitted to the jury "were proper lesser-included offenses ….Trial counsel did not err in failing to object to those offenses being charged as lesser-included offenses." *Kunkel v. Director*, TDCJ-CID, No. 4:16-cv-292, 2019 WL 4744283 *5 (E.D. Tex. July 29, 2019). In fact, the lesser-included charges were requested by Flowers' attorney. (ECF 21-9 at 56).

Flowers has not shown, as required by 28 U.S.C. § 2254(d), that the State court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

established federal law as determined by the U.S. Supreme Court, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Moreover, he failed to overcome the "doubly" deferential standard that must be accorded to his trial attorney in light of both *Strickland* and § 2254(d). *See Richter*, 562 U.S. at 105. Flowers is not entitled to relief on this claim.

### 8.    Failing to Properly Prepare for Trial.

Flowers next argues that his counsel was ineffective because she failed to provide a video of the victim's interview and transcripts of the video to the jury. (ECF 4 at 6). He claims that his counsel "referenced the statements made in the video and confused the jury and the court as to whether the statements were [hearsay] or admissible." (*Id*.). Reviewing the record cited by Flowers in support of this argument, it appears that his counsel was questioning the victim about previous inconsistent statements. The state's hearsay objection was overruled, and counsel's discussions with the judge regarding the admissibility of the statements occurred at the bench and away from the jury. Flowers has provided no evidence that the jury was confused, or that any such confusion prejudiced his case. (ECF 21-9 at 154-66).

### 9.    Summary.

Flowers has not produced clear and convincing evidence to rebut the presumption of correctness afforded the state habeas court's decision.  28 U.S.C. § 2254(e)(1).  Because he has not demonstrated that the state court's decision rejecting his ineffective-assistance claim was contrary to or an unreasonable application of clearly established federal law, his federal claim has no merit and his petition on this issue should be denied. Alternatively, the Court has reviewed all of Flowers' ineffective assistance of counsel claims under a *de novo* standard of review and finds that none of his ineffective assistance claims satisfies the prejudice prong of *Strickland*.

G.     **Ineffective Assistance of Appellate Counsel.**

Flowers next alleges that his appellate counsel was ineffective in failing to appeal the following issues: (1) sufficiency of the evidence; (2) erroneous jury charge that did not include the option of probation; (3) ineffective assistance of trial counsel; and (4) destruction of material physical evidence. He also alleges that appellate counsel did not communicate with him until after the direct appeal was filed. To prevail on this claim, Flowers must satisfy the two-pronged test enunciated in *Strickland*, 466 U.S. at 668. *See Smith v. Robbins*, 528 U.S. 259, 284-85 (2000) (proper standard for evaluating appellate counsel is *Strickland*). Thus, as shown above, Flowers must demonstrate counsel was deficient, and that the deficiency prejudiced his case. *Strickland*, 466 U.S. at 687.

To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'" *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful… Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462-63 (footnote and internal citations omitted). To determine whether appellate counsel was deficient, courts must consider whether the challenge "would have been sufficiently meritorious such that [counsel] should have raised it on appeal." *Phillips*, 210 F.3d at 348. As shown above, the issues not raised by appellate counsel were without merit, and accordingly do not provide a viable basis for Flowers' ineffective assistance of appellate counsel claim.

Flowers also alleges that appellate counsel did not communicate with him until after his

direct appeal was filed, "so she didn't have the required facts to do her job." (ECF 4 at 8). Flowers does not state the facts that he would have provided to his appellate counsel that she did not have. To show prejudice, a petitioner must demonstrate a reasonable probability that, but for counsel's alleged deficient performance, the jury would have found him not guilty or he would have received a lower sentence. *See Strickland*, 466 U.S. at 694. Flowers' conclusory statement of prejudice is insufficient to obtain relief. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000); *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998). "Mere conclusory statements do not raise a constitutional issue in a habeas case." *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982). Flowers' ineffective assistance of appellate counsel claims should be dismissed.

## V. MOTION TO APPOINT COUNSEL

Flowers asks the Court to appoint counsel on his behalf. (ECF 39 at 2). A petitioner has no constitutional right to counsel in a post-conviction proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555-56 (1987). The Court may appoint counsel, however, when the interests of justice so require. l8 U.S.C. § 3006A(a)(2)(B). Here, Flowers has set forth his claims adequately, and it does not appear that any extraordinary circumstances exist that would require appointment of counsel. Therefore, Flowers' motion to appoint counsel should be denied.

## VI. REQUEST FOR HEARING

Flowers requests an evidentiary hearing. (ECF 39 at 2). However, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 563 U.S. at 181; *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (same rule applies to factual determinations under § 2254(d)(2)). Here, as in *Pinholster*, the petition concerns only claims under § 2254(d)(1) that were adjudicated on the merits in state court. Flowers cannot overcome the limitation of § 2254(d)(1) on the record that was before the state court. Accordingly, he is not entitled to an evidentiary hearing and his request for a hearing should

be denied.

## VII. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)*; Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is recommended that reasonable jurists could not debate the denial of Flowers' § 2254 motion on substantive or procedural grounds, nor find that the issues presented are adequate to proceed. *See Miller-El*, 537 U.S. at 336-37 (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that the Court find that Flowers is not entitled to a certificate of appealability on all claims presented.

## VIII. RECOMMENDATIONS

For the reasons stated above, the United States Magistrate Judge recommends that (1) the petition for a writ of habeas corpus filed by Matthew Lee Flowers be DENIED; (2) the motion for appointment of counsel be DENIED; (3) the motion for hearing be DENIED; and (4) a Certificate of Appealability be DENIED as to all claims presented.

## IX.  INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED April 15, 2024.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).